831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James H. RUSSELL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3253
 United States Court of Appeals, Federal Circuit.
 September 8, 1987.
 
 Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), MSPB Docket No. SL07528610446, upholding petitioner's removal from his position with respondent, are affirmed.
 
 OPINION
 
 2
 Petitioner was a General Mechanic with the U.S. Postal Service. He was charged with falsifying official government documents in making a claim for an on-the-job injury when he had not, and knew he had not, been injured on the job. The agency sustained the charge, and he was removed. On appeal to the MSPB, the administrative judge, after a hearing, sustained the charge and the penalty. The full Board declined review.
 
 
 3
 There is substantial evidence showing that, though petitioner made a written claim for an on-the-job injury, he thereafter admitted that he had not been hurt on the job or at work. The agency's Acting Compensation Specialist so testified as to Russell's admission and made a contemporaneous note of it--and the administrative judge specifically said she believed the Specialist's evidence (despite petitioner's differing evidence as to his conversation with the Specialist). There is no basis for overturning this express determination of credibility by the trier of the facts. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Moreover, the nexus of falsification of government records to the efficiency of the service is obvious. Gonzales v. Defense Logistics Agency, 772 F.2d 887, 889 (Fed. Cir. 1985). And the penalty of removal was appropriate, especially in the light of Russell's prior discipline.